PEARSON, Judge.
Phyllis Kennelly in a circuit court action filed pursuant to § 742.011, Fla.Stat.,[1] F.S.A., sought to establish that Richard E. Davis was the father of her unborn child. This appeal is from a summary judgment[2] in favor of Davis.
The appellant was married to John J. Kennelly on May 29, 1963. She was still married to him when the child was conceived in June 1967. They were divorced on July 26, 1967. The present suit was filed in the circuit court on December 13, 1967.
The appellant alleged in her complaint and subsequently in an affidavit that Davis is the only man with whom she had sexual intercourse in the year 1967. She further states that she engaged in sexual intercourse with Davis at various times in May, June, July, and August 1967. In his affidavit the former husband confirmed the dates of the marriage and divorce. In addition he averred that he had been separated from the appellant since March 1966 and that he had no sexual intercourse with her at any time in 1967. Davis deposed that he had sexual intercourse with the appellant several times in June 1967.
If these various statements are true, they establish a strong suspicion that Davis was the father of the appellant’s child. The decision of the trial judge was clearly based upon Sanders v. Yancey, Fla.App.1960, 122 So.2d 202. The parties agree that Sanders is “on all fours” with the present case.
The appellant’s first point is that the trial judge erred in entering the summary judgment because he misinterpreted the meaning of § 742.011. Under this point the appellant argues that “[a]s set forth * * * in Sanders * * *, the rule prohibiting an unmarried mother from *797 bringing a paternity suit on behalf of her child, who was conceived during but born out of wedlock, is the combined product of statutory construction * * * based on an incomplete and misleading quote, and [a] common law rule * * * based on inappropriate policy and facts.” In her second point the appellant urges that for reasons of public policy, the statute should be interpreted to authorize her to prosecute her claim even .though she, was married when the child was conceived.[3]
After, considering the appellant’s contentions, we decided to adhere to the reasoning and the holding in the Sanders case. We summarized the arguments advanced because we have determined to certify our decision to the Supreme Court of Florida as one which passes upon a question of great public interest.
Affirmed.

. “Any unmarried woman who shall be pregnant or delivered of a bastard child, may bring proceedings in the circuit court, in chancery, to determine the paternity of such child.”

. The declaration in the summary judgment
* * *
“2. That entry of Summary Judgment shall not preclude the Plaintiff herein from any Appellate remedies she may have, nor shall it preclude the bastard child to be born from seeking whatever remedies he may have.”

is not to be taken as a judicial determination that the appellant’s child is illegitimate, since, in effect, the summary judgment is a ruling that a woman may not use § 742.011 to have her child declared illegitimate if she was married at the time she and the man she alleges was not her husband conceived the child.

. The second point was formulated as a constitutional question in the appellant’s brief, but it was not presented as a constitutional question on oral argument.