221 So.2d 415 (1969)
Phyllis KENNELLY, Petitioner,
v.
Richard E. DAVIS, Respondent.
No. 38208.
Supreme Court of Florida.
April 9, 1969.
Hollander & Pestcoe and Bernard C. Pestcoe, Miami, for petitioner.
Davis, Estes & Perez-Casalduc and R.K. Estes, Miami, for respondent.
BOYD, Justice.
The District Court of Appeal, Third District, has certified to us that its decision in the case of Kennelly v. Davis, 216 So.2d 795, passes upon a question of great public interest "regarding the rights of unmarried mothers and the support of persons born out of wedlock." We, therefore, have jurisdiction of the petition for certiorari herein pursuant to Section 4 (2), Article V, Florida Constitution, F.S.A.
The facts as stated in the opinion of the District Court are:
"Phyllis Kennelly in a circuit court action filed pursuant to § 742.011, Fla. Stat., F.S.A., sought to establish that Richard E. Davis was the father of her unborn child. This appeal is from a summary judgment in favor of Davis.
"The appellant was married to John J. Kennelly on May 29, 1963. She was still married to him when the child was conceived in June 1967. They were divorced on July 26, 1967. The present suit was filed in the circuit court on December 13, 1967.
"The appellant alleged in her complaint and subsequently in an affidavit that Davis is the only man with whom she had sexual intercourse in the year 1967. She further states that she engaged in sexual intercourse with Davis at various times in May, June, July, and August 1967. In his affidavit the former husband *416 confirmed the dates of the marriage and divorce. In addition he averred that he had been separated from the appellant since March 1966 and that he had no sexual intercourse with her at any time in 1967. Davis deposed that he had sexual intercourse with the appellant several times in June 1967.
"If these various statements are true, they establish a strong suspicion that Davis was the father of the appellant's child. The decision of the trial judge was clearly based upon Sanders v. Yancey, Fla.App. 1960, 122 So.2d 202. The parties agree that Sanders is `on all fours' with the present case."
The District Court affirmed the lower court, holding that it would adhere to the holding of the Sanders case, supra.
The study of the cases and the statute leads us to conclude that Section 742.011, Fla. Stat., F.S.A., does not permit a woman to have her child declared illegitimate and thus receive support for said child from its putative father if she was married to another person at the time of conception.
The question has been raised as to whether this interpretation may violate the equal protection clauses of both the Federal and Florida Constitutions in view of the fact that mothers of children conceived out of wedlock have a cause of action under the statute. There is no merit in this argument because the two situations are vastly different. Children who are both conceived and born to mothers who are unmarried already have the status of illegitimacy at the time of birth. Children who are conceived during wedlock or born to their mothers while married are presumed to be legitimate.
The District Court of Appeal correctly decided the matter and its order is herewith affirmed.
It is so ordered.
DREW and ADKINS, JJ., and SPECTOR, District Court Judge, concur.
ROBERTS, Acting C.J., agrees to judgment.