PER CURIAM.
This appeal arises out of a suit for divorce by the appellant and a counterclaim for child support and maintenance by the appellee.
It appears that the appellee alleged that the appellant fathered the child involved herein while the appellee-counter-claimant was the wife of one Charles Hollis. After the birth of the child appellee was divorced from Hollis. She and the appellant immediately entered into marriage following their extended cohabitation. The parties separated after several years of marriage. The appellant sued for divorce and the ap-pellee counterclaimed for support and maintenance for Deborah Sacks, the child allegedly born of their relationship.
The circuit court granted a divorce and decreed that the appellant is the father of *573 Deborah and that he pay to appellee $25.00 per week for the child’s support and maintenance.
Appellant seeks reversal of that portion of the decree declaring him to be the father and requiring him to pay toward the support of the child. The point raised on appeal is whether the mother of a child conceived in wedlock and born in wedlock can maintain an action to declare a man other than her spouse at the time said child was conceived and born to be the father of the child.
The Florida Supreme Court has stated unequivocally:
“The study of the cases and the statute leads us to conclude that Section 742.011, Fla.Stat, F.S.A., does not permit a woman to have her child declared illegitimate and thus receive support for said child from its putative father if she was married to another person at the time of conception.”
Kennedy v. Davis, Fla.1969, 221 So.2d 415, affirming Fla.App.1968, 216 So.2d 795, cert. den. (1969), 396 U.S. 916, 90 S.Ct. 237, 24 L.Ed.2d 193. This court has emphasized that:
“The mother of a child born in wedlock, or conceived while she was married (which includes a child born ‘within a competent time afterwards’), cannot maintain an action to have a man other than her spouse [at that time] declared to be the father of the child. [Citations omitted.]”
Smith v. Wise, Fla.App.1970, 234 So.2d 145. The law of Florida is clear that a woman under the circumstances herein does not have a cause of action.
Upon the authorities cited, we hold that the trial court erred in declaring the appellant to be the father of Deborah and requiring him to make payments for the support of the child.
Reversed.