LARRY G. SMITH, Judge.
Appellant complains the trial court erred in denying his motion to set aside a final judgment because there was unrefuted evidence of excusable neglect and he had a meritorious defense, namely, that the action was barred by the statute of limitations, Section 95.11(3)(b), Florida Statutes (1979). We affirm.
Appellant’s motion states, among other things, that upon being served with process he contacted the office of the court administrator by telephone, and that the court commissioner’s secretary advised him that the court commissioner would get in touch with him shortly, and to wait until he was contacted further. Appellant made several further attempts to reach the court commissioner, but was unable to do so. Without further notice the court commissioner obtained a judgment of paternity against appellant, and a further order requiring him to pay child support.
Florida cases on the issue of setting aside defaults reflect a policy favoring a liberal exercise of discretion on the part of the trial judge in setting aside defaults, so that all reasonable doubts should be resolved in favor of the defaulted party, permitting a determination of the controversy on the merits rather than upon procedural technicalities. Country Clubs of Sarasota Ltd. v. Zaun Equipment, 350 So.2d 539 (Fla. 1st DCA 1977).
In this matter the complaint was filed by HRS on September 27, 1978, to determine *1100 paternity of a 12-year old child. On December 11, 1978, HRS moved for and obtained a default, and on December 12, 1978 a final judgment was entered determining paternity and ordering appellant to contact the court commissioner to make arrangement to pay a reasonable amount for support. On January 15, 1979, the court entered an amended final judgment requiring weekly payments in a specified amount. Appellant’s motion to set aside the default and final judgment was filed on February 7, 1979.
The motion here demonstrates that appellant was reasonably diligent in moving to set aside the judgment; and the circumstances as related in his sworn motion adequately support a showing of excusable neglect in failing to timely plead or otherwise appear so as to avoid a default. Florida Investment Enterprises Inc. v. The Kentucky Company, 160 So.2d 733 (Fla. 1st DCA 1964); Rule 1.540(b), Florida Rules of Civil Procedure.
Nevertheless, we are compelled to affirm because appellant has failed to show the existence of a meritorious defense. The only defense raised and briefed before this court was the applicability of Section 95.-ll(3)(b), Florida Statutes (1979) which required that an action relating to the determination of paternity be brought within four years. However, we note that the Supreme Court of Florida has recently struck down this statute as unconstitutional. State Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla.1979). The court held that the statute violated the equal protection rights of illegitimate children because it required actions for support of illegitimate children to be brought within four years whereas legitimate children have a right to support throughout minority and because the statute was not substantially and logically related to its asserted goals. In view of this holding, we conclude that the statute of limitations is not a meritorious defense to this action.
The order is AFFIRMED.
ROBERT P. SMITH, Jr., J., concurs.
WENTWORTH, J., concurs and dissents with written opinion.