423 So.2d 558 (1982)
Gladys M. HEROUT, Appellant,
v.
Freeman D. LAWRENCE, Appellee.
No. AL-44.
District Court of Appeal of Florida, First District.
December 15, 1982.
As Corrected February 16, 1983.
David G. White, Thomasville, Ga., for appellant.
Anthony J. Bajoczky and Albert Craig Penson of Barrett, Bajoczky & Barrett, Tallahassee, for appellee.
MILLS, Judge.
Herout appeals the trial court's grant of summary judgment in favor of Lawrence, the defendant in this paternity suit. We affirm.
Herout was married to Harold Jackson at the time of the conception and birth of her son, Lawrence Jackson. On 27 September 1967, Herout filed a petition for divorce from Harold Jackson, alleging that Lawrence *559 Jackson was one of the children of the marriage and praying that Harold Jackson be ordered to pay child support. On 4 December 1967, the trial court granted a divorce to the parties and entered an order of child support for Lawrence Jackson.
On 14 October 1981, Herout filed this paternity action against Freeman D. Lawrence, alleging that he is the real father of Lawrence Jackson. The complaint prayed that "the issue of support be tried by the court and that the court order the Defendant to pay support from the birth of the child to age 18." At the time this action was filed, Lawrence Jackson was 19 years old. The trial court granted Lawrence's motion for summary judgment on the grounds that Herout was estopped from now denying the legitimacy of her son and that she was not the proper party plaintiff since her son had already reached the age of majority.
Formerly, a woman was not allowed to bring a paternity action against one other than her spouse when she was married at the time the child was conceived. Kennelly v. Davis, 221 So.2d 415 (Fla. 1969); Smith v. Wise, 234 So.2d 145 (Fla. 3d DCA 1970). However, in Gammon v. Cobb, 335 So.2d 261 (Fla. 1976), the Florida Supreme Court receded from Kennelly and allowed a married woman to sue for support benefits for her illegitimate child. Thus, it is clear that Herout is not precluded as a matter of law from bringing this action simply because she was married at the time of the conception and birth of her son.
However, this case presents a situation different than the one addressed in Gammon or in any of the cases decided since then. Here, the plaintiff previously alleged that her ex-spouse was the father of her son and obtained a court order to that effect. She now seeks to deny her former position by alleging that Lawrence is the natural father of her son. This she may not do. A party may not accept the benefits of a judgment and then later be heard to deny its validity. Rouse v. Rouse, 219 La. 1065, 55 So.2d 246 (1951); Davis v. Davis, 229 Ind. 414, 99 N.E.2d 77 (1951). Herout presumably accepted the benefits of the prior order of child support for almost fourteen years. As a matter of equity, she may not now challenge the validity of that former decree.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.