460 So.2d 1014 (1984)
Joan D. DECKER, Appellant,
v.
Dwayne M. HUNTER, Appellee.
No. 84-1448.
District Court of Appeal of Florida, Third District.
December 26, 1984.
*1015 Melvin A. Rubin, Miami, for appellant.
Dwayne M. Hunter, in pro. per.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
In a proceeding on a motion for contempt for failure to pay child support, the trial court ordered the mother, the father and the child to submit to a Human Leukocyte Antigen (HLA) blood test when the father denied paternity. The order also suspended the child support payments pending the outcome of the test. The mother appeals.
If an alleged father has doubts concerning the paternity of a child born during the marriage, he should raise and resolve those doubts during the dissolution proceeding. Here, the issue of the child's paternity was resolved in the final judgment of divorce rendered March 3, 1971. This judgment incorporated an alimony, child support and property settlement agreement entered into by the parties. The divorce action involved an identity of the cause of action and parties and involved the same issue as the father now attempts to relitigate. Therefore, the final judgment of divorce is res judicata and bars any redetermination of the paternity of the child. See Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981).
Furthermore, the suspension of the father's requirement to pay ongoing child support constitutes a modification of a prior order, and the father did not file a petition for modification. The trial court cannot modify child support absent a pleading for modification. Parmer v. Parmer, 431 So.2d 257 (Fla. 2d DCA 1983); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977).
Accordingly, the order under review is vacated and the cause remanded for further proceedings.