475 So.2d 963 (1985)
Gwendolyn BLACK and State of Florida, Department of Health and Rehabilitative Services, Appellants,
v.
Clifford NESMITH, Appellee.
No. BC-441.
District Court of Appeal of Florida, First District.
September 10, 1985.
*964 Joseph R. Boyd, Susan S. Thompson and William H. Branch of Boyd, Thompson & Williams, P.A., and Chriss Walker, Tallahassee, for appellants.
Robert B. Persons, Jr., Jacksonville, for appellee.
MILLS, Judge.
Black and Department of Health and Rehabilitative Services (HRS) appeal from an order of the trial court granting Nesmith's motion to dismiss, with prejudice. We reverse.
On 17 March 1970, Black gave birth to a child. She was at that time married to John Black but claims that no sexual relations occurred with him at the time of the child's conception. The statute in effect at the time of the birth provided that:
Any unmarried woman who shall be pregnant or delivered of a child may bring proceedings in the circuit court, in chancery, to determine the paternity of such child.
Section 742.011, Florida Statutes (1969), (emphasis supplied). The statute was amended in 1983, eliminating the term "unmarried."
On 1 May 1984, Black, with HRS, filed a Complaint to Determine Paternity against Nesmith, seeking child support and reimbursement to the State for past payments of welfare assistance to Black. Nesmith moved to dismiss the complaint, arguing that the statute at the time of the child's birth required the complainant to be unmarried and Black was then married. He contended that retrospective application of the 1983 amendment to permit the suit against him would be unconstitutional. The trial court agreed and dismissed the complaint with prejudice.
It is true, as Nesmith contends on appeal, that, in the absence of clear legislative expression to the contrary, a law is presumed to operate prospectively only. Van Bibber v. Hartford Accident and Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983). However, he neglects to recognize that the 1983 amendment of Section 742.011 was merely the legislative codification of an earlier judicial decision, Gammon v. Cobb, 335 So.2d 261 (Fla. 1976), which held that the statute's limitation of the right to bring paternity actions to unmarried women was unconstitutional as a deprivation of equal protection. This decision overruled Kennelly v. Davis, 221 So.2d 415 (Fla. 1969), cert. den. 396 U.S. 916, 90 S.Ct. 237, 24 L.Ed.2d 193 (1969). Therefore, the issue before us is not the propriety of the retrospective application of the amended statute, but rather the effect of Gammon, given the earlier holding in Kennelly.
The general rule regarding retroactivity of a decision of a court of last resort overruling a decision is that such a decision is retrospective as well as prospective in its operation unless declared by the opinion to have a prospective effect only. Department of Revenue v. Anderson, 389 So.2d 1034 (Fla. 1st DCA 1980); International Studio Apartment Assn., Inc. v. Lockwood, 421 So.2d 1119 (Fla. 4th DCA 1982). The Gammon decision makes no such declaration; *965 in fact, the woman involved was permitted to return to the trial court for further proceedings as a result of the decision.
Nesmith argues, however, that "where a statute has received a given construction by a court of superior jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation." Department of Revenue, supra, citing Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251, 253 (1944) (emphasis supplied). We do not find that such rights were acquired by Nesmith under Kennelly. Section 742.011 is intended solely to protect the rights of illegitimate children and to insure that all children are supported by their natural fathers, thus relieving the public of the obligation to provide support for them. Gammon. Given this policy, we find it unlikely that the Legislature intended to create a right in defendants to avoid their obligations by fathering illegitimate children of married women.
The elimination by judicial decision of pre-existing defenses to paternity suits is not without precedent. In Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla. 1979), the trial court ruled that Section 95.11(3)(b), Florida Statutes (1975), providing for a four-year statute of limitations on paternity actions, operated to bar a paternity action against West. The Supreme Court reversed and remanded for further proceedings, finding that the limitations statute unconstitutionally discriminated against illegitimate children. This holding operated to deprive West of a defense which had clearly existed at the child's birth. The court did not discuss this effect, but was not deterred thereby from protecting the interest of the child.
Richardson v. HRS, 389 So.2d 1099 (Fla. 1st DCA 1980), involved the default of a paternity defendant who urged on appeal the existence of a meritorious statute of limitations defense under Section 95.11(3)(b). The court stated that the defense was not available to Richardson, based on West, despite the fact that the defense had existed at the time of the child's birth.
Based on the foregoing, we find that the trial court erred in granting the motion to dismiss appellants' paternity complaint and reverse and remand for further proceedings.
SMITH and THOMPSON, JJ., concur.