PER CURIAM.
We reverse three post-decretal orders for the following reasons: (a) the trial court lacked authority to modify the final judgment by relieving the husband of the burden of paying future child support for private schooling when the husband did not request modification of the judgment, Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Pace v. Pace, 471 So.2d 680 (Fla. 3d DCA 1985); Sweetland v. Gauntlett, 460 So.2d 570 (Fla. 3d DCA 1984); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); see Bell v. Department of Health & Rehabilitative Services, 487 So.2d 1198 (Fla. 5th DCA 1986); (b) the trial court erred in ordering that the children’s social security benefits be applied to the husband’s mortgage obligation because the order impermissibly requires the children to build the father’s equity in the former marital home, see Spikes v. Spikes, 396 So.2d 1192 (Fla. 2d DCA 1981); Smith v. Smith, 390 So.2d 1223 (Fla. 1st DCA 1980); Waskin v. Waskin, 346 So.2d 1060 (Fla. 3d DCA 1977); and (c) the trial court lacked authority to order that the sale proceeds of the jointly-owned boat be applied to the attorneys’ fees owed by the husband when the order effectively modified the final judgment without the husband’s requesting modification, Cortina; Pace; Sweetland; Smithwick, and the wife did not authorize her attorney to compromise her interest in the boat, see Foden v. Stambaugh, 405 So.2d 209 (Fla. 3d DCA 1981); Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA *1194 1977); Cross-Aero Corp. v. Cross-Aero Service Corp., 326 So.2d 249 (Fla. 3d DCA 1976).
Reversed.