CAMPBELL, Judge.
Petitioner seeks a writ of certiorari from the trial court’s order directing Human Leukocyte Antigen blood testing to determine paternity of a child. We agree that the trial court departed from the essential requirements of law and grant the petition.
In June, 1976, respondent and Billy Owens were granted a dissolution of marriage. Despite Billy Owens’ denial of paternity, the final judgment found him to be the father of the children bom to the marriage and ordered him to pay child support. In October, 1985, respondent filed for child support assistance and a complaint to determine paternity was filed against petitioner. Following the denial of petitioner’s motions to dismiss, the trial court granted respondent’s motion for the blood testing.
A natural mother is not precluded from bringing a paternity action against the alleged father of her child because she was married at the time of the child’s conception and birth, however, she may not accept the benefits of a judgment and then later deny its validity. Herout v. Lawrence, 423 So.2d 558 (Fla. 1st DCA, 1982). This is clearly the situation at bar. See also State of Florida, Department of Health and Rehabilitative Services, Office of Child Support Enforcement, ex rel. Emily Lara v. Nicholas Lara, 504 So.2d 1 (Fla. 2d DCA 1986); Johnson v. Johnson; Riggs v. Riggs, 395 So.2d 640 (Fla. 2d DCA 1981).
We grant the petition for writ of certio-rari and remand this case to the circuit court for further proceedings consistent with this opinion.
SCHEB, A.C.J., and HALL, J., concur.