510 So.2d 1132 (1987)
Vincent J. NARCISI, Appellant,
v.
Pauline BRUSKO, Appellee.
No. 86-2659.
District Court of Appeal of Florida, Second District.
August 5, 1987.
Wayne J. Boyer, Dunedin, for appellant.
No Appearance, for appellee.
THREADGILL, Judge.
This is an appeal from a final judgment determining appellant Vincent J. Narcisi (Narcisi) to be the father of appellee's child and awarding child support. We reverse.
From 1966 to 1981, appellee was married to Andrew Brusko (Brusko). The child in question, Todd, was born during this marriage. On December 19, 1980, appellee filed a sworn petition for dissolution of marriage in which she alleged that her husband Brusko was the father of Todd. She asked the court to award her custody and child support. A final judgment of dissolution was entered in May 1981, in which the court determined that Todd was in fact born of the marriage. The judge awarded custody to appellee and awarded her $75.00 per week in child support.
During the next two years, appellee twice sought orders of contempt against Brusko for failure to pay child support. She obtained at least one order of contempt and, ultimately, in December 1983, Brusko was sentenced to one year in the county jail for failure to pay child support.
In September 1984, appellee filed suit against Narcisi, alleging in a sworn complaint that Narcisi was the father of Todd. Almost two years later, on June 2, 1986, appellee amended her complaint, under oath, alleging that Narcisi was Todd's father and sought relief from the earlier final judgment of dissolution of marriage which had declared Brusko to be the father. Ultimately, the proceedings evolved into proceedings for "relief from judgment" within the purview of Florida Rule of Civil Procedure 1.540. The court denied her request for relief. Appellee then filed a third independent action, joining Narcisi and Brusko, seeking relief from the former final judgment of dissolution of marriage on the basis *1133 of fraud upon the court. By agreement between the parties the three suits were consolidated for final disposition.
Narcisi responded to the amended paternity complaint by general denial and pleaded the affirmative defense of estoppel. He alleged that appellee is estopped to bring the paternity action against him because in the former dissolution proceedings she swore, and the court found, that Brusko was the child's father.
At the final hearing in August 1986, appellee admitted that at the time Todd was conceived she had been having sexual intercourse with Narcisi and that at the time she filed her petition for dissolution of marriage in 1980 she "wondered" whether Brusko was in fact the child's father. She nevertheless filed a sworn petition alleging that Brusko was the father and prayed for child support.
After hearing the trial court entered a final judgment declaring Narcisi to be the father of Todd. The court also ordered Narcisi to pay $300.00 per week in child support to be secured by life insurance and to pay other benefits including attorney fees. Narcisi filed this timely appeal.
Narcisi contends that because of the prior judgment of dissolution of marriage appellee is estopped to claim that he is the father of Todd. In Herout v. Lawrence, 423 So.2d 558 (Fla. 1st DCA 1982), on similar facts, the court held that the mother was estopped from denying the legitimacy of the child because she had previously alleged that her former husband was the father, and had obtained a court order to that effect. The court stated that a party may not accept the benefits of a judgment and then later be heard to deny its validity. As in Herout, appellee accepted the benefits of the judgment even to the point of causing Brusko to be sentenced to jail for failure to pay support for the child. She cannot now claim that the judgment is invalid.
This court, in Nostrand v. Olivieri, 427 So.2d 374, 376 (Fla. 2d DCA 1983), approved the holding in Herout and stated as follows:
The foregoing rationale effectively forecloses the mother's cause of action. She acknowledged in the marital separation agreement that Christie was born of her marriage to Van Nostrand. She sought and obtained an order requiring Van Nostrand to pay child support. She cannot now contend that Van Nostrand is not Christie's father.
We therefore hold in accord with Herout and Nostrand that appellee is estopped to deny that Brusko is the father of Todd. Accordingly, we reverse the final judgment of paternity and direct the trial court to enter judgment for Narcisi on the affirmative defense of estoppel.
Reversed and remanded.
SCHOONOVER, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.