BASKIN, Judge.
In this appeal, Betty Biddle[1] seeks reversal of the trial court's order denying her petition for support and payment of arrear-ages.
Appellant Biddle [wife] and appellee Peter Salozzo [husband] were married in 1971 and have a minor child bom during the marriage. In June 1972 the parties signed a property settlement agreement which was incorporated into the Final Judgment of Dissolution and entered in December 1972, in Florida. Although the final judgment failed to mention the child and contained no provision for custody or support, the property settlement agreement includes provisions[2] concerning the custody and *103 support of the unborn child.[3]
The wife moved to Kentucky, where, in 1986, she filed an action under the Revised Uniform Reciprocal Enforcement Support Act [RURESA] seeking child support and payment of child support arrearages. The husband appeared at the hearing and testified; the state appeared on behalf of the wife. Denying the wife’s petition, the court entered an Order on Summons finding that the husband “appeared and testified that the child is sixteen (16) and disputed paternity [and] ... the Dade County Final Judgment of Dissolution and Settlement Agreement provides for $20.00 per week child support for the unborn child.” Apparently, the trial court based its ruling on the wife’s delay in bringing the action[4] and the husband’s confusion concerning paternity.[5] The wife appeals. We reverse.
The order appealed discloses no rationale for the court’s conclusion, and the record contains no supporting evidence for the court’s decision. These omissions hamper meaningful appellate review. See Ashe v. Ashe, 509 So.2d 1146, 1148-49 (Fla. 1st DCA 1987).
Although the court found that the husband disputed paternity, the court did not find the evidence sufficient to overcome the presumption that appellee is the father of the child. The absence of such a ruling renders the final judgment determinative of the issue of paternity and bars relit-igation. See State, Dep’t of Health & Rehabilitative Servs. v. Wright, 498 So.2d 1008 (Fla. 2d DCA 1986); Decker v. Hunter, 460 So.2d 1014 (Fla. 3d DCA 1984); Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981); see also Davis v. Dieujuste, 496 So.2d 806, 809-10 (Fla.1986). Cf. Cox v. Cox, 493 So.2d 83 (Fla. 1st DCA 1986).
The trial court’s implied reliance on the doctrine of laches to deny enforcement of payment of arrearages is error; the husband did not plead or prove the affirmative defense of laches. See Wood v. Hunter, 504 So.2d 553 (Fla. 4th DCA 1987); State, Dep’t of Health & Rehabilitative Servs. v. Canaday, 473 So.2d 273 (Fla. 2d DCA 1985); Newman v. Newman, 459 So. 2d 1129 (Fla. 3d DCA 1984), review denied, 466 So.2d 218 (Fla.1985); O’Brien v. O’Brien, 424 So.2d 970 (Fla. 3d DCA 1983).
Furthermore, the trial court’s order does not resolve questions pertaining to the husband’s child support obligations and enforcement of vested arrearages. Although the trial court has continuing jurisdiction to modify child support payments when a change in circumstances has been demonstrated, see Martinez v. Martinez, 383 So. 2d 1153 (Fla. 3d DCA 1980), such circumstances were not presented by petition or proof. See Hammond v. Hammond, 492 So.2d 837, 839 (Fla. 5th DCA 1986); Johnson v. Johnson, 489 So.2d 1193 (Fla. 3d DCA 1986); Sweetland v. Gauntlett, 460 *104 So.2d 570 (Fla. 3d DCA 1984); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977).
Finally, the record does not contain a certified copy of the Final Judgment of Dissolution and the property settlement agreement dated June 20, 1972; only an undated agreement is before us.
Reversed and remanded for reconsideration of the wife’s petition for support and for arrearages and for the entry of an order containing appropriate findings supported by evidence.

. We note some confusion concerning appellant’s name: some of the documents filed in Kentucky, as well as the order under review, list her name as Betty Riddle; however, other documents and appellant’s signature indicate that her name is Betty Biddle. Upon remand, appellant's correct name should be ascertained.

. The property settlement agreement states:
3.The Wife does hereby allege that she is presently pregnant and that the husband is the father of her child to be born. The husband does hereby agree to pay to the Wife the sum of Twenty ($20.00) Dollars per week, so long as she is pregnant and he shall continue to make these payments until such time as the child to be born will reach maturity or will have become otherwise emancipated. In the event the wife is not pregnant or should her pregnancy be terminated, said support payments shall cease immediately.
The Husband shall claim the child to be born as a dependent, for income tax purposes, *103 so long as all child support payments are made.
4. The Wife shall have permanent custody and control of the minor child to be born to her, with reasonable rights of visitation to be granted to the Husband.

. The wife asserts that the child was born in November 1972, and that neither party contested the issue of paternity at the time of dissolution.

. THE COURT: And why wasn’t this case processed earlier by the Petitioner?
MS. BROWN (State Attorney): She didn’t file, apparently, until now. She didn’t file with Kentucky until probably a year or two ago. It does take awhile.
THE COURT: How old is the child now?
MS. BROWN: The child was born in 72. We're talking about 16 or 17.
THE COURT: I’m not going to get involved in this case, in this fashion. The woman waited 16 years or something, and now she’s suddenly decided she wants support.

. MR. SALOZZO (Husband): ... All I’m asking for—and I went down there and asked—I’d like to see a birth certificate, and I still haven’t seen the birth certificate.
******
MR. SALOZZO: I don’t know what we’re talking about, because I’m saying I knew the baby was born in November, and we had a divorce in December of the same year. Why wouldn’t the baby’s name or anything be on the divorce?
******
THE COURT: ... I’m going to deny the petition, then.
******
THE COURT: I think the issues raised by this gentleman are accurate.