NESBITT, Judge.
The issue in these consolidated cases is whether the trial courts erred in granting appellees’ motions for summary judgment, based upon the twelve-year statute of repose, section 95.031(2), Florida Statutes (1983). We affirm the trial courts’ decisions.
The Florida supreme court, in Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla.1980), invalidated the twelve-year products liability statute of repose, as applied, as an unconstitutional deprivation of a plaintiff’s access to the courts under Article I, section 21, Florida Constitution. Subsequently, in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), the court receded from Battilla, holding that the products liability statute of repose was not unconstitutional. The legislature repealed the statute of repose as to products liability actions effective July 1, 1986.
In the recent case of Melendez v. Dreis and Krump Mfg. Co., 515 So.2d 735 (Fla.1987), the Florida supreme court determined (1) that the 1986 abolition of the statute of repose in product liability actions does not operate retrospectively; and (2) that Pullum bars causes of action that accrued in the Battilla-Pullum interval.[1] Thus, Melendez followed the general rule that a decision of a court of last resort that overrules a prior decision is retrospective as well as prospective, unless declared by the opinion to have prospective effect only. Melendez, 515 So.2d at 736, citing Black v. Nesmith, 475 So.2d 963 (Fla. 1st DCA 1985). The exception to this general rule is set forth in Florida Forest and Park Serv. v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944):
To this rule, however, there is a certain well-recognized exception that where a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation.
Id. 18 So.2d at 253; see Department of Revenue v. Anderson, 389 So.2d 1034 (Fla. 1st DCA 1980), review denied, 399 So.2d 1141 (Fla.1981).
This Strickland exception was utilized by our sister courts in National Ins. Underwriters v. Cessna Aircraft Corp., 522 So.2d 53 (Fla. 5th DCA), review denied, 531 So.2d 1352 (Fla.1988) as well as in Lowell v. Singer Co., 528 So.2d 60 (Fla. 1st DCA 1988). In both cases, it was determined that plaintiffs’ detrimental reliance upon Battilla in their tort claims required that Pullum not be applied retroactively. We disagree with the application of the Strickland exception to such claims and find that Judge Cowart’s dissent in National provides the better analysis and appropriate result. The appellants sub judice, as in Lowell and National, seek damages for negligence and products liability, which claims are rights in causes of action in tort. The Florida supreme court has not extended the exception in Strickland to tort cases. We concur with Judge Cowart’s conclusion that: “The narrow Strickland *207 exception should not be extended to all cases based on the fictional belief that all claimants barred by Pullum ‘relied’ on Battilla.” We acknowledge that this decision is in direct conflict with National Ins. Underwriters v. Cessna Aircraft Corp., 522 So.2d 53 (Fla. 5th DCA), review denied, 531 So.2d 1352 (Fla.1988) and Lowell v. Singer Co., 528 So.2d 60 (Fla. 1st DCA 1988). This conflict has not been settled by Melendez or the subsequent opinion of Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla.1987), cert. denied, — U.S. -, 109 S.Ct. 30, 102 L.Ed.2d 9 (1988).
Accordingly, we affirm on the above stated analysis and certify the conflict.

. The products in these cases were delivered in 1972. The injuries occurred in 1982 and 1983. Plaintiffs filed their actions in 1986.