LEHAN, Acting Chief Judge.
In this dissolution of marriage case we reverse the trial court’s refusal to grant the husband’s request for scientific paternity testing for which the husband agreed to pay. Section 742.12(1), Florida Statutes (1989), provides that “[i]n any proceeding to establish paternity in law or in equity, the court ... upon request of a party shall require the child, mother, and alleged fathers to submit to Human Leukocyte Antigen tests or other scientific tests that are generally acceptable within the scientific community to show a probability of paternity.”
For the following reasons we do not agree with the following contentions of the wife. (1) She contends that the husband did not contest paternity in his pleadings; however, the husband answered that he “had no knowledge” concerning her allegations in that regard. (2) She contends that the husband’s request for such testing was untimely in that it was not made within the time specified in the pretrial order for the presentation of disputed issues; however, the child had not been born at that time, and the husband’s request was made within two weeks following the child’s birth. (3) She contends that section 742.12(1) is inapplicable to a dissolution of marriage proceeding; however, that section, as noted above, provides for such testing “[i]n any proceeding to establish paternity in law or in equity.” See Decker v. Hunter, 460 So.2d 1014, 1015 (Fla. 3d DCA 1984) (“If an alleged father has doubts concerning the paternity of a child born during the marriage, he should raise and resolve those doubts during the dissolution proceeding.”). (4) She contends that section 742.12(1) does not apply since the effective date of its foregoing mandatory testing provision (in which the word “shall” was substituted for the former word “may”) was October 1, 1989, and the wife’s counterpetition for dissolution of marriage and her request for child support was filed in this case in September 1989; however, even if the statute before its amendment controlled notwithstanding that the child was born after the enactment of the amendment, there would have been an abuse of discretion in the denial of the husband’s request since no proper basis appears for that denial; the presumption of legitimacy of a minor child conceived during a marriage, for which the trial court cited Sanders v. Yancey, 122 So.2d 202 (Fla. 2d DCA 1960), does not dispense with the foregoing statutory provisions.
In the event that upon remand the husband is determined to be the child’s father, we add here that we affirm the amount of child support awarded and do not agree with his contentions that that amount was excessive and that the trial court’s imputation of income to him was reversible error.
We affirm the amended final judgment of dissolution except its determination of paternity, which is vacated. The cause is remanded for proceedings consistent herewith.
PARKER and PATTERSON, JJ., concur.