629 So.2d 1000 (1993)
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Child Support Enforcement, and Tracy M. Robison, Appellants,
v.
Robby K. Robison, Appellee.
No. 93-1063.
District Court of Appeal of Florida, Third District.
December 28, 1993.
Diane H. Tutt, Ft. Lauderdale, for appellants.
No appearance for appellee.
Before BARKDULL, COPE and GERSTEN, JJ.
BARKDULL, Judge.
This is an appeal from a non-final order pursuant to Rule 9.130(a)(4) of the Florida Rules of Appellate Procedure.
Appellant appeals an order directing her and her minor child to undergo Human Leukocyte Antigen (HLA) blood testing to determine the paternity of the minor child.
Wife (mother) and husband (father) were divorced in November of 1991. The divorce decree set forth that "... primary physical residence of the minor children born of the marriage ... shall be with the petitioner/mother ...". Husband was ordered to pay child support, but he soon fell behind in his payments. Wife, through HRS, brought an enforcement action. During the hearing, before a general master, for enforcement of the support provisions husband stated that one of the children he was compelled to support was not his child. The master recommended, over wife's objection, and the trial court ordered that wife and child undergo HLA testing to determine paternity of the minor child.
The trial court did not have the power to address the paternity issues raised by husband. The minor child was, during the parties divorce proceedings, determined to have been born of the parties marriage.
"The final judgment of dissolution of marriage is res judicata and, therefore, bars any redetermination of the paternity of the child." Pelella v. Pelella, 604 So.2d 14, 15 (Fla. 3d DCA 1992); See also Singletary v. Hardemon, 595 So.2d 277 (Fla. 3d DCA 1992); Vereen v. Vereen, 581 So.2d 1004 (Fla. 1st DCA 1991); Biddle v. Salozzo, 522 So.2d 101 (Fla. 3d DCA 1988); Narcisi v. Brusko, 510 So.2d 1132 (Fla. 2d DCA 1987); Decker v. Hunter, 460 So.2d 1014 (Fla. 3d DCA 1984); Van Nostrand v. Olivieri, 427 So.2d 374 (Fla. 2d DCA 1983); Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981).
*1001 Accordingly, the order of the lower court compelling appellant and child to undergo HLA testing is reversed.
Reversed.