JH

v.

RB.

No. 2000–359–Appeal.

Supreme Court of Rhode Island.

May 8, 2002.

Jerome V. Sweeney, III, Pawtucket, for Plaintiff.

Lauren E. Jones, Providence, and Edward L. Gerstein, Little Compton, for Defendant.

Present: WILLIAMS, C.J., BOURCIER and GOLDBERG, JJ.

## OPINION

WILLIAMS, Chief Justice.

This appeal involves a paternity complaint initiated in Family Court by the

plaintiff, JH (plaintiff), a resident of Florida, in an attempt to establish that the defendant, RB (defendant), is the natural father of her minor child, CMH (CMH). The defendant, a resident of Rhode Island, filed for summary judgment in the Family Court, arguing that BH, the former husband of JH, was determined to be the father of CMH according to a Florida judgment of dissolution of marriage (divorce judgment).[1] Because we accept the defendant's argument that the Full Faith and Credit Clause makes the findings in the divorce judgment binding in this state, we affirm the judgment of the Family Court trial justice. The facts pertinent to this appeal are as follows.

# I

## Facts and Travel

The facts arise from a supposed adulterous affair between plaintiff and defendant. The plaintiff alleged in an affidavit that she and defendant began a sexual relationship in 1976 that continued until 1996. The relationship was briefly interrupted for almost two years, beginning in 1983. During this interruption, plaintiff married BH, on January 14, 1984. Despite the marriage, plaintiff's sexual relationship with defendant resumed early in 1985.

In July or August 1985, plaintiff conceived a child, CMH. A few years later, on July 26, 1989, the marriage between plaintiff and BH was ended by the Florida divorce judgment. The judgment stated that two children were "born of [the] marriage," one of whom was CMH. BH did not dispute this finding and agreed to pay child support to plaintiff.

■ On March 28, 2000, plaintiff filed a paternity complaint in Rhode Island asserting that defendant was, in fact, the biological father of CMH. The defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment.[2] A hearing was conducted before a Family Court magistrate judge. The magistrate granted defendant's motion for summary judgment. The plaintiff appealed, and another hearing was conducted before a Family Court justice. The Family Court justice upheld the magistrate's order. The plaintiff timely appealed.[3]

# II

## Summary Judgment

■ It is well settled that when reviewing a motion for summary judgment, "we examine the matter *de novo* and apply the same standards as those used by the trial court." *Tavares v. Barbour*, 790 A.2d 1110, 1112 (R.I.2002) (citing *Delta Air-*

---

1. During oral arguments, plaintiff's counsel said that plaintiff had not disclosed to CMH that she was pursuing a determination of paternity in Rhode Island alleging that someone other than BH was CMH's father. Furthermore, plaintiff's counsel did not know whether BH was aware of the proceedings.

2. The record reflects that the motions submitted by both parties were titled "motion to dismiss or, in the alternative, for summary judgment." However, the Family Court justice considered matters outside of the pleadings and treated the motion as one for summary judgment. *See* Rule 12(b) of the Family

Court Rules of Procedure for Domestic Relations.

3. The defendant argues that plaintiff's appeal is defective because she entered the wrong date of the judgment appealed from on her notice of appeal. He argues that the proper date was August 3, 2000, the date the order was filed. However, "[w]hen a notice of appeal is filed before entry of judgment, this Court treats the appeal as if it had been filed after the entry of judgment." *Dovenmuehle Mortgage, Inc. v. Antonelli*, 790 A.2d 1113, 1114 n. 1 (R.I.2002) (citing *Pridemore v. Napolitano*, 689 A.2d 1053, 1055 (R.I.1997)).

*lines, Inc. v. Neary,* 785 A.2d 1123, 1126 (R.I.2001)). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *Sobanski v. Donahue,* 792 A.2d 57, 59 (R.I. 2002) (quoting *J.R.P. Associates v. Bess Eaton Donut Flour Co.,* 685 A.2d 285, 286 (R.I.1996) (mem.)).

The plaintiff argues that the trial justice erred by granting defendant's motion because the divorce judgment is susceptible to collateral attack and that public policy demands that biological parents be correctly identified, which outweighs the comity required by the Full Faith and Credit Clause. Furthermore, plaintiff contends that the divorce judgment is modifiable and undeserving of the protection of the Full Faith and Credit Clause. Finally, plaintiff argues that the trial justice erred in failing to consider the doctrines of *res judicata* and collateral estoppel.

■ We first address the applicability of the Full Faith and Credit Clause. The Full Faith and Credit Clause, found in Article IV, section 1, of the United States Constitution, "requires that State Courts recognize judgments of the courts of sister states, provided the sister state's court properly exercised subject-matter and personal jurisdiction." *Jordan v. Jordan,* 586 A.2d 1080, 1085 (R.I.1991) (citing *State of Maryland Central Collection Unit v. Board of Regents for Education of the University of Rhode Island,* 529 A.2d 144 (R.I.1987)). In the instant case, the record is devoid of any evidence that Florida did not retain both subject-matter and personal jurisdiction over plaintiff and her former husband, BH, both residents of Florida, at the time of the divorce judgment.

The plaintiff argues that the Full Faith and Credit Clause should not be applied to the divorce judgment because it is a modifiable judgment and not final. We disagree.

The Florida courts have stated that "[t]he final judgment of dissolution of marriage is *res judicata* and, therefore, bars any redetermination of the paternity of the child." *State Department of Health & Rehabilitative Services v. Robison,* 629 So.2d 1000, 1000 (Fla.Dist.Ct.App.1993) (quoting *Pelella v. Pelella,* 604 So.2d 14, 15 (Fla. Dist.Ct.App.1992)). (Emphasis added.) Furthermore, in a case factually similar to this appeal, the court stated "a party may not accept the benefits of a judgment and then later be heard to deny its validity." *Narcisi v. Brusko,* 510 So.2d 1132, 1133 (Fla.Dist.Ct.App.1987). In the instant case, plaintiff has accepted the benefits of the divorce judgment by accepting child support from BH, and has even successfully mediated an increase in child support from BH, just five months before she filed the paternity complaint in this state. In *Narcisi,* the court held that the mother was estopped from denying that her former husband was the father of her child, as determined in a sworn petition for dissolution of marriage, and from asserting that another man was the father. *Id.*

Moreover, Florida law "permits a party to bring an independent action to set aside a judgment for *fraud upon the court after* one year from the final judgment." *Lefler v. Lefler,* 776 So.2d 319, 321 (Fla.Dist.Ct. App.2001). In this case, plaintiff made no such attempt.

The plaintiff argues that public policy demands that the Full Faith and Credit Clause not be applied to enforce the Florida divorce judgment. The plaintiff relies upon *Jewell v. Jewell,* 751 A.2d 735 (R.I. 2000). In *Jewell,* this Court refused to recognize an *ex parte* Dominican Republic

divorce, stating that it was "void as a matter of law as repugnant to the public policy of this state" because neither party had a connection to that forum. *Id.* at 739. The instant case is markedly different. The plaintiff cannot assert that neither she nor BH had a connection to Florida, since both were residents of that state.

█ Lastly, the plaintiff argues that the trial justice erred by failing to consider the doctrines of *res judicata* and collateral estoppel. She argues that the defendant cannot rely on *res judicata* or collateral estoppel as support for enforceability of the divorce judgment because he was not a party to the Florida divorce judgment. Both *res judicata* and collateral estoppel require identity of the parties. *See Ouimette v. State*, 785 A.2d 1132, 1138 (R.I. 2001) (citing *Estate of Bassett v. Stone*, 458 A.2d 1078, 1080 (R.I.1983)); *DeCiantis v. State*, 666 A.2d 410, 412 (R.I.1995) (citing *E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co.*, 635 A.2d 1181, 1186 (R.I.1994)). However, the Family Court justice was not required to consider the plaintiff's argument because his decision to apply the Full Faith and Credit Clause was dispositive of this case. Thus, the Family Court justice did not err by applying the Full Faith and Credit Clause to enforce the divorce judgment of the Florida court.

### Conclusion

The plaintiff's appeal is denied and dismissed. The judgment of the Family Court is affirmed. The papers of the case may be returned to the Family Court.

Justice LEDERBERG and Justice FLANDERS did not participate.