McCORD, Judge.
This is an appeal from an order determining that appellee, James Wendell Campbell, is a lawful heir of Joseph E. Campbell and is entitled to inherit from his estate under the provisions of § 731.29, Florida Statutes.
Joseph E. Campbell and his wife, Callie Burlison Campbell, were divorced on March 24, 1932. Appellee is an illegitimate child of Callie born 15 months after the divorce. Appellant is a legitimate child of Callie and Joseph as are two additional children, Boncyle Pyle and James M. Campbell, who did not join appellant in contesting appellee’s claim to a share of the estate. From the evidence, it appears that during the period between the divorce and appellee’s birth, Joseph was living “a couple of hundred yards from his former wife and was visiting her day and night but mostly at night.”
The pertinent statute in this proceeding is § 731.29(1), Florida Statutes, the material part of which is as follows:
“Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father, such illegitimate child shall inherit from his mother and also, when so recognized, from his father, in the same manner as if the child had been born in lawful wedlock . . . ”
The trial judge found that although there was considerable conflict in the evidence, the greater weight of the evidence supports the claim of James Wendell Campbell to inherit under the provisions of § 731.29, Florida Statutes. We have examined the evidence and find it sufficient to support the trial judge’s ruling. Several witnesses testified to aspects of. a familial relationship between the father and son both dur *826 ing the time that the son was growing up and in later years. An affidavit purportedly executed by Joseph E. Campbell in 1949 was received in evidence. In it the affiant acknowledged the birth of appellee and recognized him as his son. This affidavit was executed before a notary public, Benny George Gray. Mr. Gray, now 83 years of age, testified that he could identify his signature and his notary seal and the expiration date of his commission on the affidavit but could not remember the details of the transaction which occurred 24 years previously. He testified that he did not personally know Joseph E. Campbell. Upon being asked if he knew whether or not the man that came before him was actually Joseph E. Campbell he stated, “I don’t know that. All I know is this is my signature and my seal and my expiration date.”
A birth certificate was subsequently issued to appellee and this birth certificate also bears what purports to be the signature of Joseph E. Campbell as his father. In determining the authenticity of the signature on the affidavit and on the birth certificate, the trial court had in evidence before it the signature of Joseph E. Campbell on the complaint and other pleadings in the 1932 divorce action. If the person who signed the affidavit as Joseph E. Campbell was Joseph E. Campbell, the affidavit was a written acknowledgement by him that he was the father of appellee, signed in the presence of a competent witness, the notary public. The affidavit and the birth certificate are unrebutted prima facie evidence. See § 382.35(6), Florida Statutes. A notary public cannot be expected to remember the details and circumstances of every oath taken before him over the years or how he determined the identification of a particular affiant.
The trial judge stated in his order,
“The court has considered the birth certificates in evidence and the affidavit of Joseph E. Campbell before a notary public, Benny G. A. Gray, . . . and has compared the signatures of the deceased appearing on the court proceeding pertaining to the divorce and the signature on the affidavit and examined the other documentary evidence.”
No handwriting expert or other evidence was presented by appellant even tending to show that the affiant was not Joseph E. Campbell.
We find no error in the trial court’s ruling that James Wendell Campbell is a lawful heir of Joseph E. Campbell and is entitled to inherit from the estate of Joseph E. Campbell under the provisions of § 731.29, Florida Statutes.
RAWLS, C. J., and SPECTOR, SAM, Associate Judge (Retired), concur.