339 So.2d 237 (1976)
In re ESTATE OF Parris JERRIDO, Deceased.
Nos. 74-788, 74-1524.
District Court of Appeal of Florida, Fourth District.
October 22, 1976.
Rehearing Denied December 14, 1976.
*238 Cecil T. Farrington, of Farrington & Farrington, Fort Lauderdale, for appellant, Ruth Jerrido.
Robert P. Kelley, of Redfearn & Simon, Miami, and Raleigh Rawls, Fort Lauderdale, for Rebecca Smith, Administratrix, and G.H. Martin, Fort Lauderdale, Guardian Ad Litem for minor children, appellees.
Alcee L. Hastings, Fort Lauderdale, for unknown heirs.
DOWNEY, Judge.
We have for review two consolidated appeals arising out of the administration of the Estate of Parris Jerrido. The appellant in both cases is Ruth Jerrido, who claims to be the widow of the deceased by virtue of a common-law marriage. The appellees are Rebecca Smith, as administratrix of the Estate of Parris Jerrido, and G.H. Martin, as guardian ad litem of five children of Rebecca Smith who claim to be illegitimate children of the deceased.
Case No. 74-788 involves an appeal from an order dated May 15, 1974, wherein the trial court allowed the administratrix to pay $1,528.80 as administration expenses for a transcript of testimony and for an appraiser's fee. We have considered appellant's contentions and found them to be without merit.
Case No. 74-1524 is an appeal from an order entered October 7, 1974, determining that five children of Rebecca Smith are the children of Parris Jerrido and are entitled to inherit from his estate. Said order also confirmed a previous order of March 30, 1973, which determined that Ruth Jerrido is the widow of the deceased.
*239 Appellees have cross-appealed from the order of October 7, 1974, assigning as error (a) the adjudication that Ruth Jerrido is the widow of Parris Jerrido, and (b) the revocation of letters of administration to Rebecca Smith and the issuance of letters of administration to Ruth Jerrido. Appellees also assign as error entry of the "interlocutory order dated March 30, 1973, in finding that Ruth Jerrido was the common-law wife of Parris Jerrido, deceased."
The order of March 30, 1973, adjudicating appellant, Ruth Jerrido, to be the common-law wife of the deceased, determined Ruth Jerrido's status relative to Parris Jerrido's estate and was thus a final order subject to plenary appeal. Fla.R.P. & G.P. 5.100. Therefore, cross-appellants' effort to have that question reviewed is untimely.
The issue before the trial court in Case No. 74-1524 was raised by petition to determine heirs and beneficiaries, filed by Rebecca Smith, as Administratrix, and the answer filed by appellant, Ruth Jerrido. The trial court found that the five children, Stephanie, Thomas, Debbie, Gwendolyn and Bernard, were the illegitimate children of Rebecca Smith and Parris Jerrido.
The evidence showed that Rebecca was married to Abraham Smith at the time the older three children were either born or conceived. Abraham divorced Rebecca in November 1958, and the youngest two children were conceived and born thereafter. Over objection, Rebecca was allowed to testify as to the non-access of her husband Abraham to her after the early part of 1954, the effect of which testimony was to bastardize the three oldest children. The general rule is that a mother is not competent to testify that her children, born in wedlock, are actually illegitimate. Gossett v. Ullendorf, 114 Fla. 159, 154 So. 177 (1934); Kennelly v. Davis, 221 So.2d 415 (Fla. 1969); Smith v. Wise, 234 So.2d 145 (3d DCA Fla. 1970); Annot.  Rule as Regards Competency of Husband or Wife to Testify As To Nonaccess, 49 A.L.R.3d 212.
However, it appears to us that the Supreme Court has in effect changed that rule by holding that a woman who was married to one man when her children were born could sue another man to establish that the latter was the father of her children. Gammon v. Cobb, 335 So.2d 261 (Fla. 1976). In view of the foregoing decision, Rebecca's testimony as to the non-access of her husband was admissible.
Moreover, we find there was additional evidence to show that the five children in question were the illegitimate offspring of the deceased. Therefore, if the remaining proof meets the requirements of Section 731.29, Florida Statutes (1974), the five children, though illegitimate, are entitled to inherit from their father. Said statutory section provides:
"731.29 Illegitimate child as heir.
"(1) Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father. Such illegitimate child shall inherit from his mother and also, when so recognized, from his father, in the same manner as if the child had been born in lawful wedlock. However, such illegitimate child does not represent his father or mother by inheriting any part of the estate of the parents' kindred, either lineal or collateral, unless his parents have intermarried, in which event such illegitimate child shall be deemed legitimate for all purposes."[1]
This statute legitimatizing children is to be liberally construed to effectuate its purpose. In re Horne's Estate, 149 Fla. 710, 7 So.2d 13 *240 (1942); In re Estate of Hill, 294 So.2d 46 (3d DCA Fla. 1974). And the written acknowledgment of parenthood need not assume any particular formality. In re Horne's Estate, supra; Wall v. Altobello, 49 So.2d 532 (Fla. 1950).
Appellant frames her last point on appeal as follows:
WERE PHOTO/COPIES OF LIFE INSURANCE APPLICATIONS SUFFICIENT ACKNOWLEDGMENTS OF PATERNITY TO ESTABLISH BASTARD HEIRSHIP OF DECEDENT UNDER § 731.29 F.S., WITHOUT EYE WITNESS TESTIMONY?
The applications in question upon acceptance by the life insurance carriers were incorporated into the policies the carriers issued and became part of those policies. Because of this incorporation, the applications became prima facie evidence of their own authenticity, including those portions of the applications bearing the signatures of witnesses. Section 671.202, Florida Statutes 1973. Appellant offered no evidence to show that Parris Jerrido had not signed the applications. Under these circumstances the trial court's conclusion that the appellees were Parris Jerrido's offspring was proper. Cf. Locke v. Estate of Campbell, 305 So.2d 825 (1st DCA Fla. 1975).
Accordingly we: (1) affirm the order of May 15, 1974, which is the subject matter of Case No. 74-788; (2) affirm the order of October 7, 1974, which is the subject matter of Case No. 74-1524, insofar as the appeal by Ruth Jerrido is concerned; (3) dismiss the portion of the cross-appeal concerning the status of Ruth Jerrido as Parris Jerrido's widow; and (4) affirm the order of October 7, 1974, insofar as the remaining point on cross-appeal is concerned.
MAGER, C.J., and BASKIN, NATALIE, Associate Judge, concur.
NOTES
[1] The legislature repealed this section, among others, in Chapter 74-106, Laws of Florida, effective July 1, 1975. However, Section 4 of Chapter 74-106 provides in material part that: "The substantive rights of all persons that have vested prior to July 1, 1975, shall be determined as provided in former chapters 731-737 and chapters 744-746, Florida Statutes, as they existed prior to July 1, 1975."

The decedent in this case died before July 1, 1975; so the substantive rights of the appellee's offspring vested (if at all) prior to July 1, 1975. Therefore § 731.29 applies to this case.