HERSEY, Judge.
. Delores Thomas Brown and Adolphus Thomas, Jr., appeal an order of the probate court holding that the evidence was insufficient to support appellants’ claim of a right to share in the intestate estate of decedent, Vanchester Broxton, as his lineal descendants.
The conflicting evidence presents a complex factual question and a difficult legal issue which is one of first impression in this jurisdiction. We begin with an overview of the factual conflicts which activate the legal question involving both the applicability of a statute and standing to rely on that statute.
The undisputed facts are that appellants, Delores Thomas Brown and Adolphus Thomas, Jr., are the children of Lillian Thomas Carthon. Lillian’s mother, Ethel Williams, was married to Columbus Johner at the time she gave birth to Lillian. Appellants nonetheless take the position that the natural father of Lillian was in fact Vanchester Broxton. The evidence in support of this position is considerable. There is also evidence, however, that Columbus Johner was the natural as well as the legal father; that yet another individual was the natural father; and that Vanchester Brox-ton could not have been the natural father, being away at school at the time of conception. The mother, Ethel, the putative father, Vanchester, and the alleged illegitimate, Lillian, are all deceased. The controverted facts emerge from the testimony of various witnesses.
In addition to this testimony appellants introduced into evidence a letter written by Vanchester to appellant, Delores Brown. They argue that this letter in which Delores is addressed as “My Little Grand Daughter” and “my sweet little grand daughter” and in which Vanchester refers to himself as “your Grand ... (unintelligible)” satisfies the acknowledgment requirement of Section 732.108(2)(c), Florida Statutes (1979). The pertinent provisions of that statute provide:
(2) For the purpose of intestate succession in cases not covered by subsection (1), a person born out of wedlock is a lineal descendant of his mother and is one of the natural kindred of all members of the mother’s family. The person is also a lineal descendant of his father and is one of the natural kindred of all members of the father’s family, if:
(a) The natural parents participated in a marriage ceremony before or after the birth of the person born out of wedlock, even though the attempted marriage is void.
(b) The paternity of the father is established by an adjudication before or after the death of the father.
*25 (c) The paternity of the father is acknowledged in writing by the father.
Appellants thus maintain that the letter constitutes a written acknowledgment of paternity sufficient to allow them to share in the intestate estate of their purported grandfather.
This statutory remedy is available only where a person is born out of wedlock. Ethel was married to Columbus when Lillian was born and thus Lillian is presumed to be the legitimate child of Columbus. The statute therefore may not literally be applied to the instant factual situation. That is not to say, however, that the policy considerations embodied in the statute might not be applied to accomplish a similar result if other factors make that result desirable. In this case, the trial court apparently treated the letter as simply another link in the chain of evidence with which it was sought to establish Vanchester as the ancestor of appellants. We think this treatment was eminently correct.
In addition, we question appellants’ standing to adjudicate the paternity of their mother irrespective of whether she was “a person born out of wedlock.” It is one thing to permit Lillian to attempt to bastardize herself for reasons that to her appear good and sufficient. It is quite another thing to grant her lineal descendants standing to do so for their own personal gain.
We are aware of no Florida case permitting a child or more remote lineal descendant to bastardize an ancestor through judicial proceedings. Had appellants prevailed below, this thought-provoking legal question with its attendant public policy considerations favoring legitimacy, would be squarely presented for review. However, the trial court in effect determined that even if the statute applied, the evidence was insufficient to establish paternity. We reach this conclusion because the order on appeal here treats only the sufficiency of the evidence, finds it lacking, and never reaches the question of applicability of the statute. We therefore confine our review to evidentiary matters.
In order to establish paternity after the death of the putative father the evidence must be “clear, strong and unequivocal.” In re Estate of Odom, 397 So.2d 420, 425 (Fla. 2d DCA 1981), quoting In re McCollum’s Estate, 88 So.2d 537, 540 (Fla.1956). In the present case appellants were initially faced with the additional and onerous burden of overcoming the strong presumption of legitimacy. There must be “clear and satisfactory” evidence to overcome that presumption. Gammon v. Cobb, 335 So.2d 261 (Fla.1976). This double burden was not met by appellants. Having reviewed the record, and particularly the conflicting testimony, we conclude that the finding of the court below is supported by substantial competent evidence and we therefore affirm.
AFFIRMED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.