880 F.2d 319
 26 Soc.Sec.Rep.Ser. 292, Unempl.Ins.Rep. CCH 14850A
Laurene BAKER on Behalf of Melinda BAKER, Hosie Baker, Jr.
Plaintiffs-Appellants,
v.
Louis SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-3113.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 10, 1989.
 
 Lester C. Wisotsky, Orlando, Fla., for plaintiffs-appellants.
 Walter J. Postula, Asst. U.S. Atty., Orlando, Fla., Stanley Ericsson, Dept. of Health & Human Services, Baltimore, Md., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before RONEY, Chief Judge, COX, Circuit Judge, and MORGAN, Senior Circuit Judge.
 RONEY, Chief Judge:
 
 
 1
 This is an appeal of a final decision of the Secretary denying children's benefits under the Social Security Act. 42 U.S.C.A. Sec. 416(h)(2)(A). We affirm the denial of benefits concerning the 1979 application. We reverse the district court's determination concerning benefits granted in 1985, however, on the ground that the Secretary improperly reopened a prior award of benefits.
 
 
 2
 The facts are a bit unusual. In 1979, Laurene Baker applied for children's insurance benefits claiming Elton Lowery as the insured father of her two children, Melinda Baker, age 11, and Hosie Baker, Jr., age 9. The claim was made under Title II of the Act which provides benefits for a child of a person who is entitled to old-age insurance benefits. Lowery was entitled to old-age benefits. The birth records of the children, however, showed their father to be Hosie Baker, Laurene Baker's husband.
 
 
 3
 The Administrative Law Judge found insufficient evidence to overcome the state law presumption of the legitimacy of a child born in wedlock, and denied the claims, holding that neither claimant is a "child" of Lowery. The Appeals Council denied review.
 
 
 4
 In 1982, plaintiff filed suit in federal district court for review of the denial of the 1979 application. Before the case had been decided, the district court remanded the case to the Secretary on plaintiff's motions, because of three events that had occurred subsequent to the filing of her complaint: (1) in December 1984, a Florida state court entered a judgment of paternity adjudicating Lowery the natural father of each claimant; (2) in January 1985, plaintiff filed a second application to the Secretary for children's insurance benefits; and (3) the Secretary in March 1985, approved the 1985 application and awarded benefits from December 1984 onward. The district court thought that the Secretary should resolve the inconsistency in the factual determination that the claimants are Lowery's natural children from December 1984, but not from December 1979 to November 1984, and remanded for that purpose.
 
 
 5
 The Appeals Council resolved this inconsistency by withdrawing the award made in 1985. In April 1987, it held that: (1) the component of SSA that issued the "initial determination" in the January 1985 application did not have jurisdiction over the case; (2) the Appeals Council retains jurisdiction over the entire period at issue; (3) the state court judgment is neither consistent with state law nor is binding on the Secretary; and (4) the claimants are not Lowery's children and are not entitled to benefits on his record on either the 1979 or 1985 applications.
 
 
 6
 The difficulty with this decision is that it resulted in reopening the 1985 award of benefits without following proper procedure as required by the law of this Circuit in Kennedy v. Bowen, 814 F.2d 1523 (11th Cir.1987). Kennedy was a case involving two claims for disability. The decision of the Secretary on the first application denied benefits. Kennedy reapplied filing a second application for benefits which was approved by the ALJ. He appealed the date of onset of disability only, and the Appeals Council sua sponte revisited the issue of disability and remanded to a new ALJ, who then issued a decision denying all benefits. Kennedy then filed an action in federal district court claiming a due process violation. On appeal, the Eleventh Circuit held that absent notice (required by 20 C.F.R. Sec. 404.973) to the claimant of the Appeals Council's intent to re-examine issues not challenged by the claimant, that it was precluded from sua sponte expanding the scope of review and upsetting the decision in favor of the claimant. The notice must set forth "the reasons for review and the issues to be considered." Kennedy v. Bowen, 814 F.2d at 1527.
 
 
 7
 The Court stated it was aligning itself with the Third Circuit's holding in Powell v. Heckler, 789 F.2d 176 (3d Cir.1986), which extrapolated its notice requirement from section 404.989, which addresses the Appeals Council's own-motion review. The court in Powell reasoned that when the Appeals Council expands its scope of review in a claimant-initiated appeal, this expansion is equivalent to the Appeals Council's own motion review of the added issues, and the Council is not absolved from the notice requirement under 20 C.F.R. section 404.969. Powell v. Heckler, 789 F.2d at 178.
 
 
 8
 In Baker's case, no notice was provided that the Appeals Council was expanding its review beyond those issues raised or challenged by the claimants and no notice setting forth the reasons therefore and the additional issues to be considered, in violation of plaintiffs' due process rights.
 
 
 9
 The issue at this point is not whether the Secretary could reopen the 1985 claim under proper procedures, 20 C.F.R. Sec. 404.987, or would have good cause to change the award. 20 C.F.R. Secs. 404.988-95; see Butterworth v. Bowen, 796 F.2d 1379 (11th Cir.1986).
 
 
 10
 There are two primary ways for the Secretary to get before it a prior award for reconsideration: (1) pursuant to the statute and the agencies' own rules and regulations; and (2) under a remand from the district court. Kennedy squarely holds the due process requirements for the reopening on the Secretary's own motion, which were not followed here.
 
 
 11
 The Secretary argues that his action was permitted by the remand order. This overlooks the fact that the district court had no jurisdiction over the 1985 award when it remanded the case for reconsideration of the 1979 claim. No appeal from that claim had been taken to the district court. Nor did the district court seek to assert jurisdiction over the correctness of that decision. The district court approved the magistrate's report which set forth that a "fundamental inconsistency in the [Secretary's] position on benefit entitlement in this case," which "should not be left unresolved." The report then
 
 
 12
 ... [r]ecommended that the cause be remanded to the Secretary for further evaluation of the claimant's 1979 application for Child Insurance Benefits, taking into consideration the Secretary's 1984 (sic) decision on the same claim and for taking further evidence, if necessary.
 
 
 13
 The district court docket sheet shows a 5/20/86 entry: "Case is remanded to Secretary for further evaluation of claimant's 1979 application for Child Insurance Benefits."
 
 
 14
 The Secretary had no right to reopen the 1985 determination without following Kennedy. That award remains valid until proper procedures are followed to reopen it. This case must be remanded to the district court for an appropriate order.
 
 
 15
 The issue remains as to whether the district court was right in affirming the Secretary's denial of the 1979 claim. The role of the federal court in reviewing a benefits determination is a narrow one. We may not decide the facts anew, reweigh evidence, or substitute our judgment for that of the Secretary. It is this Court's duty to engage in a careful review of the record for substantial evidence to support the Appeals Council's conclusions. Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence. 42 U.S.C.A. Sec. 405(g); see Hale v. Bowen, 831 F.2d 1007 (11th Cir.1987). Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In some cases, the evidence would be sufficient to support a finding either way. Generally those are cases which turn on the credibility of live witnesses overlaid by the allocation of burden of proof.
 
 
 16
 To determine whether Laurene Baker's children are the children of Lowery for purposes of receiving insurance benefits, "the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application...." 42 U.S.C.A. Sec. 416(h)(2)(A).
 
 
 17
 Florida Statute section 732.108 governs intestate succession and the inheritance rights of persons born out of wedlock:
 
 
 18
 [A] person born out of wedlock is a lineal descendant of his.... father and is one of the natural kindred of all members of the father's family, if ... (b) The paternity of the father is established by an adjudication before or after the death of the father. (c) The paternity of the father is acknowledged in writing by the father.
 
 
 19
 Fla.Stat.Ann. Sec. 732.108(2)(b)-(c) (Supp.1989).
 
 
 20
 While the language of the statute refers to children born "out of wedlock," Florida courts have permitted actions by children born in wedlock to establish paternity by someone not a part of the marriage, for inheritance purposes. In re Estate of Robertson, 520 So.2d 99 (Fla. 4th DCA 1988); Williams v. Estate of Long, 338 So.2d 563 (Fla. 1st DCA 1976); In re Estate of Jerrido, 339 So.2d 237 (Fla. 4th DCA 1976), cert. denied, 346 So.2d 1249 (Fla.1977).
 
 
 21
 The initial question, however, is whether the children were indeed illegitimate children, born in wedlock, but not of the marriage. There is a very strong presumption in Florida that children born in wedlock are legitimate. The party claiming that the children are illegitimate carries the burden of proof which is met only with evidence that is "clear and satisfactory." Robertson, 520 So.2d at 101.
 
 
 22
 The Administrative Law Judge, in his August 28, 1981 decision, made a careful analysis of all the evidence, including the testimony of all persons involved. He concluded that some of the crucial testimony was not credible. Credibility choices are the province of the trier of fact. Without that testimony, the Secretary must be sustained in his determination that the standard requiring clear and satisfactory evidence to overcome the presumption of legitimacy was not met. It would not be useful to repeat the Administrative Law Judge's thorough analysis and findings here.
 
 
 23
 On the remand, in addition to the record of the 1979 benefits application before the Administrative Law Judge, the Appeals Council had before it the 1984 state court judgment of paternity, issued on December 11, 1984, holding that Elton Lowery is the natural father of Melinda and Hosie Baker and awarding child support in an amount equal to Social Security child's insurance benefits. The judgment was rendered after Mrs. Baker filed a complaint in circuit court on behalf of the two children to determine paternity. Elton Lowery filed an answer and waiver, admitting the allegations in the complaint.
 
 
 24
 The issue is whether that additional evidence when added to the prior records was sufficient to overcome the presumption. As a legal matter, the Appeals Council could determine that the state court judgment is not binding on the Secretary on the issue of paternity of the children Melinda and Hosie, particularly when the Secretary was not a party to the state court action, and no opposing interests were presented in the case. See United States v. Smith, 393 F.2d 318, 321 (5th Cir.1968). Consistent with opinions in the Fifth and Fourth Circuits, we hold that the requirement of section 416(h) that the Secretary apply such law as would be applied by the courts of the State does not require the Secretary to accept findings of fact made by a state court in an uncontested case. See Warren v. Secretary of Health and Human Services, 868 F.2d 1444 (5th Cir.1989); Cain v. Secretary of Health, Education and Welfare, 377 F.2d 55, 58 (4th Cir.1967). Florida law does not bind a person to a prior judicial paternity decision by "res judicata, collateral estoppel, or estoppel by judgment" when that person was "not a party to the litigation in which the issue was determined." In re Estate of Robertson, 520 So.2d at 102. The Secretary in making its determination, could rely on its own assessment of the evidence in the contested hearing before it. In this case, the Appeals Council considered the judgment and the evidence supporting it as well as the substantial conflicting evidence to determine that a Florida court in a contested case would hold that the presumption of legitimacy has not been sufficiently overcome. This properly followed the statutory requirement to follow Florida law.
 
 
 25
 Substantial evidence supports the decision that claimants failed to prove that Elton Lowery was the father of Melinda and Hosie. They therefore are not entitled to child's insurance benefits on the 1978 application. The district court's judgment upholding the 1979 decision of the Appeals Council is affirmed.
 
 
 26
 AFFIRMED in part, REVERSED in part, and REMANDED.