Carlos M. ENCARNACIÓN, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

Civil No. 09–1282 (BJM).

United States District Court, D. Puerto Rico.

March 26, 2010.

Salvador Medina–De–La–Cruz, Salvador Medina De La Cruz Law Office, San Juan, PR, for Plaintiff.

Ginette L. Milanes, U.S. Attorney's Office, San Juan, PR, for Defendant.

## ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

Plaintiff Carlos M. Encarnación ("Encarnación") brings this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") that plaintiff was not disabled under sections 216(i) and 223 of the Social Security Act (the "Act"), 42 U.S.C. § 416(i) and 423. (Docket No. 14). Encarnación's complaint asks that the Commissioner's decision be reversed and that he be awarded disability insurance benefits ("DIB") under the Act. (Docket No. 1, p. 2). Encarnación consented to have the case heard before me (Dockets No. 6, 7) and filed a memorandum of law requesting reversal of the Commissioner's decision or, alternatively, remand for further proceedings. (Docket No. 12). After answering the complaint (Docket No. 11), in lieu of filing a response to plaintiff's memorandum of law, the Commissioner moved for reversal and remand to the Social Security Appeals Council (Docket No. 15), and plaintiff opposed. (Docket No. 16).

Encarnación first applied for disability insurance benefits ("DIB") in August 2004, alleging a disability onset date of June 19, 2004. (Transcript ["Tr."] 40–59). After a hearing, the administrative law judge ("ALJ") determined that plaintiff was not disabled and denied the application on April 16, 2007. (Tr. 7–16; Docket No. 12,

p. 12). The ALJ's decision became the final decision of the Commissioner subject to judicial review on January 14, 2009, when the Appeals Council denied plaintiff's request for review. (Tr. 2–4). While plaintiff's request for review of the ALJ's unfavorable decision was pending (Tr. 5–6), Encarnación filed a second application for DIB in June 2007, which an ALJ approved on May 12, 2009, finding a disability onset date of June 19, 2004, the same date alleged in the first application. (Docket No. 15, p. 2). Because an application's retroactivity is limited to 12 months, see 20 C.F.R. § 404.622, plaintiff has been receiving DIB effective July 2006. (Dockets No. 15, p. 2; 16, p. 1).

Plaintiff appealed the unfavorable first decision before this court. (Docket No. 1). Encarnación argues that the ALJ's decision was not based upon substantial evidence and that the ALJ improperly relied on the Medical–Vocational Guidelines ("Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, to determine whether Encarnación was able to perform work that existed in the national economy at step five in the sequential evaluation process for determining disability.[1] (Docket No. 12, p. 2, 8–12). It is well-established that the Grid "can only be applied when claimant's non-exertional limitations do not significantly impair claimant's ability to perform at a given exertional level." Rose v. Shalala, 34 F.3d 13, 19 (1st Cir.1994) (internal citation omitted). Otherwise, the Commissioner must carry his burden at step five by other means, "typically through the use of a vocational expert." Ortiz, 890 F.2d at

1. A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. § 404.1520; Goodermote v. Sec'y of Health and Human Servs., 690 F.2d 5, 6–7 (1st Cir.1982). The claimant has the burden, under steps one through four, of proving that he cannot return to his former

employment because of the alleged disability. Santiago v. Sec'y of Health and Human Servs., 944 F.2d 1, 5 (1st Cir.1991). At step five, the burden shifts to the Commissioner to prove the existence of other jobs in the national economy that the claimant can perform. Ortiz v. Sec'y of Health and Human Servs., 890 F.2d 520, 524 (1st Cir.1989).

524. Plaintiff argues that his significant nonexertional impairments shown in the medical evidence of record, including a recurrent pineal gland tumor, hemiparesis, imbalance, and dizziness, preclude reliance on the Grid and thus the ALJ erred in not taking vocational expert testimony. (Docket No. 12, p. 8–12). Defendant has made no argument against plaintiff's contentions. (*See* Docket No. 15, p. 3).

Under sentence four of 42 U.S.C. § 405(g), "a district court may remand in conjunction with a judgment affirming, modifying, or reversing the [Commissioner's] decision." *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Due to the inconsistent ALJ decisions, the Commissioner requests a sentence four remand to the Appeals Council to determine whether the requirements for reopening the second case are met. *See* 20 C.F.R. §§ 404.987–404.989. If so, the two cases will be consolidated and remanded to an ALJ for a new decision. (Docket No. 15, p. 2–3). As reopening the second case would jeopardize his receipt of benefits, Encarnación opposes the Commissioner's remand request and instead requests a remand to reconsider the merits of the first application, since a favorable determination would entitle him to benefits pre-dating July 2006. (Docket No. 16, p. 2).

As the Commissioner himself remarks, the second decision is not before this court. (Docket No. 15, p. 2). The court lacks jurisdiction over the subsequent award of benefits because no appeal from that claim has been taken to the district court. *Gay v. Astrue*, 2008 WL 2004228, at * 1 n. 1 (D.R.I. May 8, 2008) (citing *Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir.1989)). Defendant also points out that the Social Security Administration ("SSA") "may reopen a final determination or decision on [its] own initiative," 20 C.F.R.

§ 404.987(b), provided the conditions to reopen are met. (Docket No. 15, p. 2). The availability of an agency procedure for the SSA to reopen a case further convinces the court that even if it had jurisdiction, it need not issue defendant's requested order.

In light of the lack of opposition to plaintiff's allegations, the court finds that the ALJ's exclusive reliance on the Grid was error. The case is hereby **REVERSED** and **REMANDED** to the Commissioner. Plaintiff's motion to remand for further development and consideration of the record, including the taking of vocational expert testimony at step five in the evaluation process, is **GRANTED**. Defendant's motion to remand is **DENIED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**