IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BERNICE WATKINS WALLACE, HEIR
AND BENEFICIARY OF THE ESTATE OF
HELEN HICKS WATKINS, AND RODNEY J.
STRAWTER,

      Appellants,

 v.                                      Case No.  5D17-4066

TERRY JOSEPH WATKINS, SR.,
DELPHINE WATKINS AND JOYCE
ELIZABETH WATKINS, HEIRS AND
BENEFICIARIES OF THE ESTATE OF
HELEN HICKS WATKINS,

      Appellees.

_____/

Opinion filed August 17, 2018

Appeal from the Circuit Court
for St. Johns County,
J. Michael Traynor, Judge.

Andrew J. Bernhard, Miami, for Appellants.

No Appearance for Appellees.

EVANDER, J.

      Bernice Wallace and her son, Rodney Strawter, appeal an order allowing Appellees, Terry Watkins, Sr., Delphine Watkins, and Joyce Watkins, to reopen the summary administration of the estate of Wallace's mother, Helen Watkins, and

determining Appellees to be intestate heirs of the decedent. We have jurisdiction to review this non-final order pursuant to Florida Rule of Appellate Procedure 9.170(b)(5) because it is an order determining heirship. Because Wallace and Strawter have failed to demonstrate reversible error, we affirm.

The decedent died intestate in 1971. In 2000, Wallace and her sister, Helen Mansell, filed a petition for summary administration to distribute the decedent's sole asset, a parcel of real property located in St. Augustine, Florida. The verified petition alleged that Wallace and Mansell were the only known "heirs at law and next of kin and beneficiaries of this estate." The record reflects that Wallace and Mansell did not serve notice of the petition for summary administration on Appellees, nor did they list Appellees as potential beneficiaries of the estate. In February 2001, the trial court entered an order of summary administration finding in part that "all interested persons have been served proper notice of the petition and hearing or have waived notice thereof; that the material allegations of the petition are true . . . ." The order distributed a half interest in the property to Wallace and a half interest to Mansell. During this time period, Mansell purportedly conveyed her interest in the property to Wallace and Strawter.

In 2016, Appellees filed a petition to reopen summary administration. They alleged that they were Mansell's biological children but had been adopted by the decedent (their maternal grandmother) in 1963. A copy of the adoption decree was attached to the petition. The petition further alleged that Appellees "were not given notice of the filing of the Petition for Summary Administration or entry of the Order of Summary Administration, despite the fact that they were and are easily ascertainable, and obviously, heirs of the decedent."

2

Wallace and Strawter filed a response requesting denial of the petition to reopen, arguing, *inter alia*, that: (1) the petition was time-barred, and (2) reopening the estate could not provide Appellees relief because Strawter purchased an interest in the property for value in a bona fide sale.

The trial court subsequently conducted a non-evidentiary hearing. At the hearing, Appellants voiced no objection to the court taking judicial notice of official court records to confirm the existence of the alleged adoption decree. Thereafter, the trial court filed the final decree of adoption entered in the official records for St. Johns County, Florida, reflecting that the decedent, Helen Watkins, had adopted Appellees on March 4, 1963. Ultimately, the trial court entered an order granting the petition to reopen summary administration and determining that Appellees were legal heirs of the decedent at the time of her death. This appeal followed.

Appellants argue that the trial court violated their due process rights by granting relief not requested by Appellees in their petition and by failing to hold an evidentiary hearing. We disagree. In their petition to reopen summary administration, Appellees specifically alleged that they were excluded from the original petition for summary administration although they were known heirs of the decedent. More importantly, the transcript of the hearing held below reflects that Appellants' counsel twice agreed to allow the trial court to determine whether Appellees were the decedent's legal heirs by taking judicial notice of the adoption decree:

> THE COURT: My inclination, though, . . . is if I do have a record in the public records of St. Johns County that shows the adoption, I'm probably in a position to, depending on what I decide, to at least accept that as a fact.

3

[APPELLANTS' COUNSEL]: I can't say anything to it, Your Honor.

THE COURT: Okay.

[APPELLANTS' COUNSEL]: Without -- you know, without more access, I can't say anything to it, but I trust Your Honor.

. . . .

THE COURT: Well, I'll deal with whether or not I'm going to reopen the estate. I mean, I don't -- I'm going to, you know unless you don't want me to take judicial notice of the records of my own court --

[APPELLANTS' COUNSEL]: I would never do that.

Appellants also argue that Appellees' petition to reopen summary administration was time-barred by section 733.710(1), Florida Statutes (2016), commonly referred to as the nonclaim statute.[1] That statute provides:

Limitations on claims against estates.

(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.

Florida's nonclaim statute applies to claims brought against the estate by creditors. It does not apply to the beneficial interests of heirs. *See In re Estate of Robertson*, 520 So. 2d 99, 102 (Fla. 4th DCA 1988) (rejecting argument that nonclaim statute barred claim of heirship because such claims were "not the type of 'claim' contemplated" by nonclaim

---

[1] The parties below appear to have assumed that this case is governed by current Florida Statutes, as opposed to the statutes that existed at the time of the decedent's death or at the time of the original petition for summary administration. Because the parties did not further address this issue below, or on appeal, we similarly decline to address this issue.

4

statute); *see also* Frank T. Pilotte, *Creditors' Claims and Family Allowance, in* Practice Under Florida Probate Code (9th ed. 2017) ("[H]owever, the definition of claims and the nonclaim statute clearly do not apply to the beneficial interests of beneficiaries.").

In addition, the summary administration statute, section 735.206, Florida Statutes (2016), has its own nonclaim provision and a separate provision allowing heirs not included in a summary administration to enforce their rights. These separate provisions state:

> (f) After 2 years from the death of the decedent, neither the decedent's estate nor those to whom it may be assigned shall be liable for any claim against the decedent, unless proceedings have been taken for the enforcement of the claim.

> (g) Any heir or devisee of the decedent who was lawfully entitled to share in the estate but who was not included in the order of summary administration and distribution may enforce all rights in appropriate proceedings against those who procured the order and, if successful, shall be awarded reasonable attorney's fees as an element of costs.

§ 735.206(4)(f), (g), Fla. Stat. (2016). The plain language of these provisions, and the fact that they are separate, makes clear that the summary administration nonclaim provision only bars claims "against the decedent," not actions by heirs who were not included in the summary administration to enforce their rights.

Appellants also argue that the petition to reopen summary administration should have been denied because Appellant Strawter was a bona fide purchaser of an interest in the sole asset of the estate. However, the trial court's order did not address the issue of whether Strawter was a bona fide purchaser, nor did it preclude Appellants from raising any statutory or equitable defenses to any claims to the property that may be asserted by

Appellees.[2]  Thus, we conclude that this argument, as well as the other issues raised by Appellants, are without merit.

AFFIRMED.


TORPY and EDWARDS, JJ., concur.

---

[2] We agree with Appellants that the language in the trial court's order stating that Wallace and Mansell knew or should have known of the adoption is not supported by substantial competent evidence.  We view such statements as unnecessary surplusage to the court's determination that Appellees were lawful heirs of the decedent and were entitled to have the summary administration reopened.